Rayna H. Jones, SBN 028564
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602.778.3700
Fax:  602.778.3750
Rayna.Jones@Ogletreedeakins.com
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Steven Hyman,<br><br>    Plaintiff,<br><br>       v.<br><br>Liberty Mutual Group Inc.; Hewitt Associates, LLC<br><br>    Defendants. | No.  2:15-CV-02522-JZB<br><br>**DEFENDANTS' MOTION TO DISMISS ALL COUNTS OF PLAINTIFF'S COMPLAINT** |

Defendants Liberty Mutual Group Inc. and Hewitt Associates, LLC (collectively "Defendants") hereby move to dismiss Plaintiff Jeffrey Steven Hyman's Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND INFORMATION AND SUMMARY OF MOTION

Plaintiff filed a Complaint in Maricopa County Justice Court alleging gross negligence for Defendants alleged failure to administer Plaintiff's Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") benefits in an efficient and timely manner as required by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (Doc. 1, Exh. A) Plaintiff also alleges that Defendants acted in "bad faith by denying prescription coverage benefits" to Plaintiff. (*Id.*) Plaintiff seeks to recover special damages "resulting from claim and coverage denials for prescription

benefits leading to significant bodily injury manifestation," and general damages "for just compensation." (*Id.*)

Defendants timely removed this action on December 10, 2015 based on federal question jurisdiction by virtue of 28 U.S.C. § 1331 because this matter involves claims arising under the laws of the United States. More specifically, this Court has original jurisdiction of this action under the provisions of ERISA as the "COBRA benefits" and "prescription coverage benefits" referred to in Plaintiff's Complaint relate to and are dependent upon Liberty Mutual Employees' Medical Plan – an employee welfare benefit plan governed by ERISA (the "Plan"). (*See* Exh. 1, Liberty Mutual Employees' Medical Plan Summary Plan Description)[1]

As discussed in more detail below, Plaintiff asserts two causes of action in the Complaint, both of which purport to arise under state law. The existence of the Plan is critical and indispensable to all of the claims asserted in Complaint. Furthermore, the terms of the Plan form an essential part of the state-law claims and alleged liability under state law would not exist absent participation by Plaintiff in the in the Plan. In sum, all of Plaintiff's claims relate to the Plan and are completely preempted. Moreover, ERISA Section 502 provides the only avenue for relief in this matter.

---

[1] A court may consider documents that are referred to in the complaint, the authenticity of which no party questions. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Even if the plaintiff does not attach the documents at issue to the complaint, they may be incorporated into the complaint by reference if those documents "form[] the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court's consideration of documents that form the basis of the plaintiff's claim does not convert the motion to dismiss into a Rule 56 motion for summary judgment. *Id.* at 907-08. Where plaintiff's claims "rest on his membership in [an ERISA] plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint," and those documents are properly considered by a court in deciding a motion to dismiss. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (citation omitted), *superseded by statute on other grounds as recognized in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The District Court may treat such documents as part of the complaint and, thus, assume that the contents are true for purposes of a Rule 12(b)(6) motion to dismiss. *Ritchie*, 342 F.3d at 908.

1  In addition, Plaintiff's claims should be dismissed as he failed to exhaust his
2  administrative remedies under the Plan as required by ERISA. Finally, Defendant Hewitt
3  Associates, LLC is not a property party under ERISA, and Plaintiff fails to allege any
4  basis for imposing liability against it. Plaintiff's Complaint, therefore, must be dismissed
5  it its entirety.

## II.   LEGAL ANALYSIS

A motion to dismiss tests the legal sufficiency of the claim, not the facts supporting it. In ruling on a Rule 12(b)(6) motion to dismiss, the court accepts the factual allegations in the complaint as true and resolves all inferences in favor of the plaintiff.[2] *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal under Rule 12(b)(6) is appropriate where the plaintiff cannot prove any set of facts that would entitle him to relief on the face of his pleadings. *See id.* at 338; *see also Fernandes v. Astrue,* 2009 WL 3823922, at *3 (E.D. Cal. Nov. 13, 2009).

However, to survive a motion to dismiss, all well-pleaded factual allegations in the Complaint "must . . . raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint "must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id.* The Supreme Court has emphasized two key principles courts should follow in determining whether a claim has "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, there must be sufficient factual allegations in the complaint to make a plaintiff's claim plausible – it is not enough for the pleader to establish the "mere possibility of misconduct." *Id.* at

---

[2] By accepting the facts as true for purposes of this Motion, Defendant is not admitting any facts as true.

679. In other words, there must be sufficient factual content in Plaintiff's Complaint to move his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff, however, has failed to plead sufficient facts to identify the actual nature of his claim. This failure alone is sufficient to require dismissal. In addition, the claim should be dismissed for the numerous reasons identified below. Although Plaintiff filed this action *pro se*, he still must follow the same rules of procedure that govern other litigants. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1986); *see also Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir.1986) (*pro se* litigants "should not be treated more favorably than parties with attorneys of record"). Accordingly, Plaintiff's status as a *pro se* litigant does not prevent the Court from dismissing causes of action that are not properly asserted in this case.

### A. Plaintiff's State Law Claims Are Preempted By ERISA Because They Relate To An ERISA-Governed Employee Welfare Benefit Plan

In his Complaint, Plaintiff alleges that Defendants "failed to properly administer COBRA benefits" and "acted in Bad Faith by denying prescription coverage benefits" to Plaintiff. (Doc. 1, Exh. A) It is clear from the face of the Complaint that all of the allegations therein relate to Plaintiff's alleged treatment with respect to the Plan. As such, Defendants request this Court dismiss Plaintiff's Complaint in its entirety because the claims presented are preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a). *See Pilot Life v. Dedeaux*, 481 U.S. 41, 47-48, 52-45 (1987); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

The Plan unequivocally is an employee welfare benefit plan, as that term is defined under ERISA. Subject to certain exceptions not applicable hereto, the Act defines an "employee welfare benefit plan," as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is

4

maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services[] . . . .

29 U.S.C. § 1002(1). The Plan is unequivocally an employee welfare plan governed by ERISA because it was maintained by an employer for the purposes of providing eligible employees medical benefits, including, but not limited to, prescription drug benefits. (Exh. 1 at p. 5) In sum, the Plan is an employee welfare benefit plan within the meaning of and governed by ERISA.

Subject to certain exceptions not applicable hereto, Section 514(a) of ERISA provides that "the provisions of [Title I and Title IV of ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law "relate[s] to" an ERISA-governed plan for purposes of Section 514(a) "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983); *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001); *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1007 (9th Cir. 1998).

Here, Plaintiff's state law claims for gross negligence and bad faith relate to and arise from the existence of the Plan. A claim makes "a reference to" an ERISA plan when "the existence of the plan is essential" to the claim, in the sense that adjudication of the claim would require the court to "interpret[] the plan" or "dictate" the proper "distribution of benefits" under the Plan. *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004). Likewise, a claim has "a connection with" an ERISA plan if it will have a direct impact on the "relationship between the plan and a participant." *Id.*

The Ninth Circuit holds that "[t]he ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions." *Gibson v. Prudential Ins. Co.* (9th Cir. 1990) 915 F.2d 414, 416 (9th Cir. 1990). Accordingly, regardless of how Plaintiff styles his state law claims, there can be no question that these claims are preempted by ERISA. *See California Div. of Labor Standards Enforcement v. Dillingham*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700

*Constr., N.A.*, 519 U.S. 324-25 (1997) (under the ["reference to"] inquiry, we have held pre-empted…a common-law cause of action premised on the existence of an ERISA plan") (internal citation omitted).

It is clear that Defendants' alleged conduct at issue in this matter is intertwined with the alleged failure to administer benefits relating to the Plan. Resolution of Plaintiff's claims, therefore, is governed solely by the Plan terms and will require reference to and reliance on Plan terms. Moreover, Plaintiff's own Complaint makes explicit reference to standards contained in "ERISA Statutes."(Doc. 1, Exh. A) It is without question, therefore, that Plaintiff's claims arise out of and relate to the Plan and its administration and consequently are preempted by Section 514(a) of ERISA, 29 U.S.C. § 1144(a). Thus, Plaintiff's state law claims must be dismissed.

**B.   ERISA Section 502 Provides The Only Avenue For Relief In This Matter**

Plaintiff's claims are also preempted under the doctrine of "complete preemption," which is based on the exclusivity of ERISA's civil enforcement provisions under ERISA § 502(a). *See* 29 U.S.C. § 1132(a); *Davila*, 542 U.S. at 208-09; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). As the Supreme Court explained in *Davila*, Congress enacted ERISA with the intention to make "employee benefit plan regulation . . . 'exclusively a federal concern.'"   542 U.S. at 208 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). To reach that goal, Congress established an "integrated enforcement mechanism" in the remedial provisions of ERISA § 502(a). *Davila*, 542 U.S. at 208. To serve Congress's "purpose of creating a comprehensive statute for the regulation of employee benefit plans," the *Davila* Court explained that courts cannot allow states to create and enforce claims that provide alternative or additional remedies for allegedly erroneous plan benefit denials or plan administration practices: "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA

6

plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* (quoting *Pilot Life*, 481 U.S. at 54). Not only are such state law claims thus preempted by the civil remedies set forth in ERISA § 502(a), but the preemptive force of § 502(a) is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim." *Id.* at 2496 (internal quotation marks omitted).

In his Complaint, Plaintiff requests special damages caused by Defendants' alleged "claim [and] coverage denials for prescription benefits leading to significant bodily injury manifestation" and general damages for "just compensation." (Doc. 1, Exh. A) Plaintiff's request in this regard is nothing more than an attempt to circumvent the limits on relief available in an action under ERISA. Regardless of Plaintiff's allegations of wrongdoing, or the fact that he attempts to couch them in terms of common law tort actions, the relief he seeks is not available in ERISA's remedial structure. Therefore, to the extent Plaintiff has any claim related to an alleged denial of his rights under the Plan, the exclusive remedy for such a claim is provided by ERISA Section 501(a). Any additional state law claims or damage theories are extinguished.

Furthermore, to the extent that Plaintiff seeks extra-contractual or compensatory damages in the Complaint, such damages are not recoverable under ERISA and must be dismissed. *Bast*, 150 F.3d. at 1009; *see also Alday v. Raytheon Co*, 619 F.Supp.2d 726, 729-30 (D. Ariz. 2008) (holding that ERISA bars extra-contractual damages that give a beneficiary more than he is entitled to receive under the terms and provisions of an ERISA plan).

### C. Plaintiff Failed To Exhaust His Administrative Remedies

Plaintiff's Complaint must be dismissed because he has not exhausted administrative remedies under the Plan, and therefore, he cannot state a claim for relief under ERISA. Section 503 of ERISA, 29 U.S.C. § 1133, requires ERISA plans to provide internal dispute resolution procedures for participants or beneficiaries whose claims have

been denied. "Quite early in ERISA's history, [the Ninth Circuit] announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agr. Employee Welfare Benefit Plan*, 50 F.3d 1478, 1483 (9th Cir. 1995), *citing Amato v. Bernard*, 618 F.2d 559, 566-68 (9th Cir. 1980). "Consequently, the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA and as a matter of sound policy they should usually do so." *Id.*; *see also Sarraf v. Standard Ins. Co.*, 102 F.3d 991, 993 (9th Cir. 1996) (failure to request in writing review of adverse benefit decision precluded action against ERISA plan).

Here, Plaintiff does not, and cannot, allege that he has timely exhausted the Plan's internal review procedures. The Plan clearly spells out the administrative procedures for appealing denial of a claim for benefits. (Exh. 1 at p. 70-79) Consistent with ERISA's exhaustion requirements, the Plan states that participants "will not be entitled to challenge a claim decision made by the Claims Administrator in federal or state court or in any other administrative proceeding until all of the Claim and Appeal procedures outlined [in the Plan] have been complied with and exhausted." (*Id.* at 77) Plaintiff's Complaint, however, makes no mention of exhaustion, and this pleading defect alone is a sufficient basis to dismiss the claim. *See Landrith v. Madison Nat. Life Ins. Co.*, No. CV08-1284-PHX-MHM, 2009 WL 2515622, at *2 (D. Ariz. Aug. 14, 2009) (dismissing ERISA claim where "Plaintiffs [did] not claim that they satisfied the Plan's administrative process, or even attempted to do so"); *Walters v. Odyssey Healthcare Management Long Term Disability*, 2011 WL 2714065 (D. Ariz. July 13, 2011) (dismissing ERISA claim when the Complaint was "bereft of any factual content supporting [Plaintiff's] claim of exhaustion."); *Alloco v. Metro. Life Ins. Co.*, 256 F.Supp.2d 1023, 1033 (D.Ariz. 2003) (granting summary judgment in favor of defendant based on plaintiff's failure to exhaust her administrative remedies under ERISA before commencing lawsuit); *Golden v. Hubbell Inc.*, 343 Fed.Appx. 226, 228 (9th Cir. 2009)

8

(affirming dismissal for failure to state a claim because Plaintiff failed to exhaust administrative remedies).

Plaintiff has failed to allege that he ever appealed any initial decision, that he followed the remaining appeals procedures set forth in the Plan or that he exhausted the second level of review required under the terms of the Plan. Simply put, Plaintiff has failed to put forth sufficient evidence that would suggest he properly and timely exhausted his administrative remedies under the Plan, as ERISA requires, before bringing this suit. Accordingly, the Court should dismiss his Complaint.

### D. Hewitt Associates, LLC Is Not A Proper Defendant

Plaintiff has improperly named Hewitt Associates, LLC as a Defendant in this lawsuit. Under ERISA Section 502(d)(2), a person other than the plan is not liable for a money judgment in an action to recover benefits unless such person's liability is established on some other basis. 29 U.S.C. § 1132(d)(2). Here, Plaintiff has failed to allege any basis for imposing liability on Hewitt Associates, LLC. Plaintiff has not alleged, nor can he allege, that Hewitt Associates, LLC was the administrator of the Plan. (*See* Exh. 1 at p. 79) Moreover, Plaintiff has not alleged any other basis in his Complaint for imposing liability on Hewitt Associates, LLC. For these reasons, Hewitt Associates, LLC should be dismissed with prejudice as a party.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, as any amendments to the Complaint would be futile. Defendants alternatively request that Hewitt Associates, LLC be dismissed as it is an improper party to Plaintiff's claims.

DATED this 17th day of December 2015.

                OGLETREE, DEAKINS, NASH,
                SMOAK & STEWART, P.C.

                By: s/Rayna H. Jones
                    Rayna H. Jones
                    2415 East Camelback Road, Suite 800
                    Phoenix, Arizona 85016
                    Attorney for Defendants Liberty Mutual Group Inc. and Hewitt Associates, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of December 2015, I electronically filed the attached document,

and

COPY of the foregoing document
was served by first-class mail,
postage prepaid, this same day on:

Jeffrey Steven Hyman
3826 E. Lupine Ave.
Phoenix, AZ 85028
*Pro Se* Plaintiff


By: s/Susan Stimson
    Susan Stimson

23318175.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700