IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Steven Hyman,<br><br>                Plaintiff,<br><br>v.<br><br>Liberty Mutual Group Incorporated, et al.,<br><br>                Defendants. | No. CV-15-02522-PHX-DLR<br><br>**ORDER** |

       On November 2, 2015, Plaintiff Jeffrey Hyman filed a *pro se* complaint in the Moon Valley Justice Court alleging that Defendants "failed to properly administer COBRA benefits" and "acted in bad faith by denying prescription coverage benefits[.]". (Doc. 1-1 at 3.) Plaintiff alleges Defendants "owed a duty to administer COBRA benefits to all qualifying persons in an efficient and timely manner based on standards created in the ERISA statutes." (*Id.*) He seeks $10,000 in damages. (*Id.*)

       On December 10, 2015, Defendants removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1.) On December 17, 2015, Defendants moved to dismiss the complaint. (Doc. 5.) Defendants also filed a motion for ruling. (Doc. 11.) Plaintiff did not respond to either motion, and thus both motions are unopposed.

       Plaintiff appears to allege state law claims of gross negligence and bad faith arising out of Defendants' denial of employee welfare benefits. (Doc. 1-1 at 3.) Defendants argue Plaintiff's complaint should be dismissed because his claims are

preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*, and he failed to exhaust his administrative remedies under ERISA. (Doc. 5 at 4, 7.) Plaintiff's claims clearly arise under ERISA, not state law, as they relate to benefits paid out under an employee welfare benefit plan, *see* 29 U.S.C. § 1002(1), a copy of which Defendants have submitted to the Court, (Doc. 5-1).[1]

Regardless, even assuming Plaintiff properly brings these claims under ERISA, the Court concludes that he has not adequately alleged that he exhausted the administrative procedures set forth in the plan. This is fatal to both of his claims. *See Diaz v. United Agric. Emp. Welfare Benefit Plan*, 50 F.3d 1478, 1483 (9th Cir. 1995) ("[A] claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court."); *see also Landrith v. Madison Nat'l Life Ins. Co.*, No. CV 08-1284-PHX-MHM, 2009 WL 2515622, at *3 (D. Ariz. Aug. 14, 2009) (dismissing complaint for failure to exhaust administrative remedies where the plaintiffs did not "claim that they satisfied the Plan's administrative process"). The complaint lacks any factual allegations relating to whether Plaintiff participated fully or partially in the plan's administrative process. Because he is appearing *pro se*, however, the Court dismisses Plaintiff's claims without prejudice.

**IT IS ORDERED** that Defendants' motion to dismiss, (Doc. 5), is **GRANTED**, and Defendants' motion for ruling, (Doc. 11), is **DENIED** as moot. The Clerk is directed to terminate this action.

Dated this 17th day of February, 2016.

_____
Douglas L. Rayes
United States District Judge

---

[1] Courts may consider documents that "form[] the basis of the plaintiff's claim." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).